IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW C. WARD,

        Plaintiff,

vs.                              Case No. 19-3079-SAC

KEARNY COUNTY HOSPITAL and
KEARNY COUNTY SHERIFF'S DEPT.,
        Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. <u>Screening standards</u>

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See <u>id.</u> at 679; <u>Twombly</u>, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal

conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678.

III. The complaint

Plaintiff written his complaint on forms for bringing an action under 42 U.S.C. § 1983. His complaint alleges that in November 2016 he was accompanied by a Kearny County Sheriff's Deputy to the Kearny County Hospital. He asserts that at the hospital, the Deputy, who indicated he was acting as a friend, heard private medical information regarding plaintiff without plaintiff's permission which the Deputy later reported to a corrections officer. Plaintiff alleges that he discovered that this happened in May 2017.

IV. No private cause of action for HIPAA violations

Plaintiff asserts that defendants committed HIPAA law violations. There is no private cause of action, however, for HIPAA law violations. "HIPAA" stands for Health Insurance Portability and Accountability Act. The law provides for civil and criminal penalties for improper disclosure of medical information. But, orders from the Tenth Circuit and this court have observed that there is a consensus opinion that HIPAA does not create a private right of action. E.g., Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); Wilson v. Saint Francis Community Services, 2018 WL 4409440 *2 (D.Kan. 9/17/2018); Leiser v. Moore, 2017 WL 4099469 *6 (D.Kan. 9/15/2017); Keltner v. Bartz,

3

2013 WL 761157 *4 (D.Kan. 2/27/2013); <u>Howard v. Douglas County Jail</u>, 2009 WL 1504733 *4 (D.Kan. 5/28/2009). The Tenth Circuit has also noted that two circuit courts have held that § 1983 may not be used to remedy a HIPAA violation. <u>Thompson v. Larned State Hospital</u>, 597 Fed.Appx. 548, 550 (10th Cir. 2015)(citing <u>Dodd v. Jones</u>, 623 F.3d 563, 569 (8th Cir. 2010) and <u>Seaton v. Mayberg</u>, 610 F.3d 530, 533 (9th Cir. 2010)). In other words, a governmental agency must enforce penalties for HIPAA violations. <u>Adams v. CCA</u>, 2011 WL 2909877 *5 (D.Idaho 7/18/2011); <u>Agee v. U.S.</u>, 72 Fed.Cl. 284, 289-90 (Fed.Ct.Cl. 2006).

V. <u>Any § 1983 action against the hospital would be untimely.</u>

There is a two-year statute of limitations for violations of § 1983. <u>Jacobs v. Lyon County Detention Center</u>, 371 Fed.Appx. 910, 912 (10th Cir. 3/31/2010)(drawing the period from the personal injury statute of limitations in Kansas in accordance with <u>Wilson v. Garcia</u>, 471 U.S. 261, 269 (1985)); <u>Brown v. U.S.D. 501</u>, 465 F.3d 1184, 1188 (10th Cir. 2006)(same). A civil rights action accrues when the facts supporting a cause of action are or should be apparent. <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1215 (10th Cir. 2004). Plaintiff knew that the defendant hospital shared medical information with the deputy sheriff in November 2016, but did not file this action until May 2019. Therefore, even if plaintiff could state a § 1983 claim, the limitations period for bringing such a claim has expired.

VI. <u>The Kearny County Sheriff's Department is not a proper defendant.</u>

Plaintiff's claims against the Kearny County Sheriff's Department must be dismissed because under Kansas law the Kearny County Sheriff's Department is a governmental subunit and not an entity which may sue or be sued. See K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners). The Tenth Circuit and this court have held this way in other cases. See <u>Brown v. Sedgwick County Sheriff's Office</u>, 513 Fed.Appx. 706, 707-08 (10th Cir. 3/12/2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); <u>Mays v. Wyandotte County Sheriff's Department</u>, 2016 WL 81228 *1 (D.Kan. 1/7/2016)(dismissing claim against Wyandotte County Sheriff's Office); <u>Wright v. Wyandotte County Sheriff's Dept.</u>, 963 F.Supp. 1029, 1034 (D.Kan. 1997)(same).

VII. <u>Respondeat superior does not apply to § 1983 claims.</u>

Plaintiff may not sue either the Kearny County Hospital or the County (through the Board of County Commissioners) under § 1983 merely on the grounds of respondeat superior, that is that an employee violated plaintiff's federal rights. <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011)(stating principle as applicable to local governmental defendants); <u>Green v Denning</u>, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012)(applying principle to prison health

5

contractor). No liability may be established without proof that the County's policies or customs caused the deprivation of plaintiff's federally protected rights. See Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997). A plaintiff may show such a policy or custom through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused. Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1188-89 (10th Cir. 2010). Plaintiff has failed to allege facts establishing a Kearny County policy or custom that caused the alleged violation of his rights.

VIII. Conclusion

For the above-stated reasons, plaintiff's complaint fails to state a claim for relief against the defendants he has named. Plaintiff is given time until June 5, 2019 either to show cause why this action should not be dismissed or file a complete and proper amended complaint to cure the deficiencies discussed in this order. An amended complaint should describe all of plaintiff's claims and all the defendants plaintiff seeks to sue without referring to the original complaint. If plaintiff fails to show cause or file a proper amended complaint, this action shall be dismissed.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2019, at Topeka, Kansas.


                s/Sam A. Crow_____
                Sam A. Crow, U.S. District Senior Judge